### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-61872-Civ-SCOLA/SNOW

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

vs.

**PRIME LEGAL PLANS LLC,** *et al.,*

    Defendants,

and

**THE 2007 SAN LAZARO IRREVOCABLE LIFE INSURANCE TRUST,** *et al.,*

    Relief Defendants.

### PRELIMINARY INJUNCTION AND ORDER
### CONTINUING ASSET FREEZE AND OTHER PROVISIONS
### OF THE TRO, AND APPOINTING A PERMANENT RECEIVER

Plaintiff, Federal Trade Commission ("FTC" or "the Commission"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.*, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538,  has filed a Complaint for

preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services (Regulation O), 12 C.F.R. Part 1015 ("Regulation O"), in connection with the marketing and sale of mortgage assistance relief services, and applied for a temporary restraining order and order to show cause why a preliminary injunction should not issue, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

This Court entered a Temporary Restraining Order (ECF No. 12), and scheduled a hearing in this matter for October 4, 2012. That hearing was rescheduled to October 11, 2012 at the request of the Defendants. (*See* Defs.' Mot. To Continue Hrg., ECF No. 16.) After some discussion at the October 11 Hearing, the Defendants consented to the entry of the FTC's proposed preliminary injunction. Relatedly, the Receiver has requested that he also be permitted to take expedited discovery in this case. (Receiver's Mot. Exp. Disc., ECF No. 62.) That Motion is **Granted**, and the proposed language permitting the Receiver to take expedited discovery is incorporated in this Order.

## FINDINGS OF FACT

The Court, having considered the FTC's pleadings, declarations, exhibits, memoranda, and the evidence presented by all parties finds that:

1.      This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all parties hereto, and venue in this district is proper;

2.     There is good cause to believe that Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; and Jason C. Desmond have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, the TSR, and the MARS Rule;

3.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, the TSR, and the MARS Rule;

4.     There is good cause to believe that Relief Defendants The 2007 San Lazaro Irrevocable Life Insurance Trust and its Trustee, Maria Soltura, have received funds or assets that can be traced directly to Defendants' unlawful acts or practices and have no legitimate claims to those funds;

5.     There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by

Defendants and Relief Defendants of their assets or business unless Defendants and Relief

Defendants are immediately restrained and enjoined by Order of this Court;

6.      Good cause exists for appointing a permanent receiver over Defendants Prime

Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC

(Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC;

Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic

Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network

Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship

LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a

Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services,

Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust

Consultants; and Legal Servicing and Billing Partners LLC (hereinafter "Corporate

Defendants"); and continuing the asset freeze imposed pursuant to the temporary restraining

order ("TRO").

7.      Weighing the equities and considering the FTC's likelihood of ultimate success,

this order is in the public interest; and

8.      No security is required of any agency of the United States for the issuance of a

restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real

and personal property of Defendants or Relief Defendants, or held for the benefit of

Defendants or Relief Defendants, wherever located, whether in the United States or

4

abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries,  inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, and all cash and currency, and trusts, including but not limited to any trust held for the benefit of any Defendant or Relief Defendant, any of the Individual Defendants' minor children, or any of the Individual Defendants' spouses, and shall include both existing assets and assets acquired after the date of entry of this Order.

B.      **"Assisting others"** includes, but is not limited to:

1.      Performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

2.      Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      Providing names of, or assisting in the generation of, potential customers;

5.      Performing marketing, billing, or payment services of any kind; and

6.      Acting or serving as an owner, officer, director, manager, or principal of any entity.

C.　**"Corporate Defendants"** means Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; and Legal Servicing and Billing Partners LLC; and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

D.　**"Defendants"** means all Individual Defendants and Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

E.　**"Document"** and "**Electronically Stored Information**" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

    1.　The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records,

6

checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

2. Any electronically stored information stored on any server, Blackberrys or any type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop personal computer and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offsite by a third-party; and computers and related offline storage used by Defendants, Relief Defendants, or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

F.   **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

G.   **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.   **"Individual Defendants"** means Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; and Jason C. Desmond and any other names by which they might be known.

I.  **"Mortgage assistance relief product or service"** means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

1.  stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

2.  negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

3.  obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

4.  negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

5.  obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

6.  negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, (iii) or any other disposition of a dwelling other than a sale to a third party that is not the dwelling loan holder. The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application and offering to provide or

8

providing legal services, or offering to sell a consumer a plan or subscription to a service that provides such assistance.

J.      **"National Do Not Call Registry"** means the National Do Not Call Registry maintained by the FTC pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

K.      **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

L.      **"Receivership Defendants"** means Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Defendants.

M.      **"Relief Defendants"** means The 2007 San Lazaro Irrevocable Life Insurance Trust and its trustee Maria Soltura (in her capacity as trustee); and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

# I.

## PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering, for sale or sale of any mortgage assistance relief product or service, are hereby preliminarily restrained and enjoined from falsely representing, or assisting others who are falsely representing, expressly or by implication, any of the following:

A.      that any Defendant or any other person:

10

1.      generally will obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable, or will help consumers avoid foreclosure;

2.      as a result of various loan audits, research, and reviews, including a forensic loan audit, generally will obtain for consumers mortgage loan modifications that will make consumers' payments substantially more affordable, or will help consumers avoid foreclosure;

B.      the amount of time it will take the mortgage assistance relief service provider to accomplish any represented service or result;

C.      the degree of success that any Defendant or any other person has had in performing any mortgage assistance relief service, including through the provision of legal services; and

D.      the frequency that audits and reviews of consumers' mortgage loans and transactions conducted by Defendants or any other person reveal fraud, errors, or predatory acts.

## II.

### DISCLOSURES REQUIRED BY AND REPRESENTATIONS PROHIBITED BY THE MARS RULE

**IT IS FURTHER ORDERED** that Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal

Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, are hereby preliminarily restrained and enjoined from engaging in, or assisting others in engaging in, the following conduct:

A.      Representing, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his lender or servicer, in violation of 12 C.F.R. § 1015.3(a) (Dec. 30, 2011);

B.      Failing to make the following disclosure in all general and consumer-specific commercial communications: "[Name of Company]" is not associated with the government, and our service is not approved by the government or your lender," in violation of 12 C.F.R. § 1015.4(a)(1) & 1015.4(b)(2) (Dec. 30, 2011);

C.      Failing to make the following disclosure in all general and consumer-specific commercial communications: "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. § 1015.4(a)(2) & 1015.4(b)(3) (Dec. 30, 2011);

D.      Failing to make the following disclosure in all consumer-specific commercial communications: "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer]. If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services."   For the purposes of this subsection, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the mortgage assistance relief services that are the subject of the sales offer, including but not limited to, all fees and charges, in violation of 12 C.F.R. § 1015.4(b)(1) (Dec. 30, 2011); and

E.      Failing, in all general commercial communications, consumer-specific commercial communications, and other communications in cases where any Defendant or person has represented, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, or performance of any mortgage assistance relief service, that the consumer should temporarily or permanently discontinue payments, in whole or in part, on a dwelling loan, to place clearly and prominently, and in close proximity to any such representation the following disclosure: "If you stop paying your mortgage, you could lose your home and damage your credit rating," in violation of 12 C.F.R. § 1015.4(c) (Dec. 30, 2011).

### III.

### PROHIBITION AGAINST COLLECTION OF ADVANCE FEES

**IT IS FURTHER ORDERED** that Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a

13

Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, are hereby preliminarily restrained and enjoined from asking for or receiving payment before consumers have executed a written agreement between the consumer and the creditor, loan holder, or servicer of secured or unsecured debt that incorporates the offer obtained by Defendants on the consumer's behalf.

## IV.

## RESTRICTIONS ON TELEMARKETING

**IT IS FURTHER ORDERED** that, in connection with the telemarketing of any product or service, Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal

Servicing Partners, Forensic Auditor Services, 123 Save Our Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from:

A.    Placing unsolicited outbound sales calls to consumers who have registered their phone numbers with the National Do Not Call Registry; and

B.    Placing outbound sales calls to consumers without first paying the required annual fee for access to the telephone numbers in the area codes that are included in the National Do Not Call Registry.

## V.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants Prime Legal Plans LLC; Consumer Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates; Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our

Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any good or service, are hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or business and personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

## VI.

### DISABLEMENT OF WEBSITES AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION

**IT IS FURTHER ORDERED** that, to the extent not already done pursuant to the TRO issued in this case, (1) any person hosting any Internet website or server for, or on behalf of, any Defendant, and (2) Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any

of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.      Immediately take any necessary steps to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Section I of this Order cannot be accessed by the public; and

B.      Prevent the alteration, destruction or erasure of any (1) Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, by preserving such websites in the format in which they are maintained currently and (2) any electronically stored information stored on behalf of Corporate Defendants or entities in active concert or participation with any of them.

**VII.**

**SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS**

**IT IS FURTHER ORDERED** that, to the extent not already done pursuant to the TRO in this case, any domain name registrar shall suspend the registration of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any mortgage assistance relief service, and containing statements or representations prohibited by Section I of this Order and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Defendants or their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

**VIII.**

17

## CURE LETTER

**IT IS FURTHER ORDERED** that Defendants are prohibited from enforcing a

provision in any waiver or agreement executed with a consumer that expressly or by implication

prohibits the consumer in any way from communicating or cooperating with state, local, or

federal law enforcement agencies in connection with law enforcement efforts against any

Defendant.

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers,

agents, servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service or

otherwise, shall assist the Receiver or the FTC, as requested, in:

A.      Identifying all consumers who executed a waiver or agreement with any Defendant that

contained a requirement that the consumer would not initiate, participate in, or otherwise

assist any legal action, claim, or proceeding against any Defendant; and

B.      Providing notice to the consumers identified in Section VIII(A) that the consumer is

permitted to speak with, and otherwise assist, any state, local, or federal law enforcement

agency with regard to any investigation or proceeding against the Defendants.

## IX.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants Prime Legal Plans LLC; Consumer

Legal Plans LLC (Nevada); Consumer Legal Plans, LLC (Wyoming), also d/b/a CLP Associates;

Freedom Legal Plans LLC; Frontier Legal Plans LLC; Reaching U Network, Inc., also d/b/a

Legal Billing Services, Legal Servicing Partners, Forensic Auditor Services, 123 Save Our

Home, Save Our Home Plan, Home Savers, Legal Network Association, and Homeowners

18

Rescue Mission; 123 Save a Home, Inc.; American Hardship LLC; Back Office Support Systems LLC; Consumer Acquisition Network, LLC, also d/b/a Consumer Legal Network, Legal Servicing & Billing Partners, Forensic Auditor Services, Telefunding Services, Mortgagesavers.org, First Capital Land Trust, and Florida Land Trust Consultants; Legal Servicing and Billing Partners LLC; Lazaro Dinh, a/k/a Mario Lazaro Sopena a/k/a Lazaro Sopena; Kim E. Landolfi; Derek B. Radzikowski; Andrew Primavera; Christopher N. Edwards; Jason C. Desmond; Relief Defendant The 2007 San Lazaro Irrevocable Life Insurance Trust ("SL Trust"); and Relief Defendant Soltura in her capacity as trustee of  the SL Trust ("SL Trustee"), and their officers, agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, including any financial institution, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, each are hereby preliminarily restrained and enjoined from directly or indirectly:

A.      Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets or any interest therein, wherever located, including any assets outside the territorial United States that are:

1.      in the actual or constructive possession of any Defendant or Relief Defendant SLTrust;

2.      owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant or Relief Defendant SL Trust; or

19

3.  in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly owned, managed, or under the control of any Defendant or Relief Defendant SL Trust;

B.  Opening, or causing to be opened, any safe deposit boxes titled in the name of or subject to access by any Defendant, Relief Defendant SL Trust, or Relief Defendant Soltura in her capacity as SL Trustee;

C.  Incurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or Relief Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant, Relief Defendant SL Trust, or Relief Defendant Soltura in her capacity as SL Trustee;

D.  Obtaining a personal or secured loan;

E.  Cashing any checks from consumers, clients, or customers of any Defendant;

F.  Transferring any funds or other assets subject to this Order for attorneys' fees or living expenses, except from accounts or other assets identified by prior written notice to the FTC; *provided that* no attorneys' fees or living expenses, other than those set forth in Subsection G of this Section IX, and only in accordance with the procedures set forth in Subsection G of this Section IX, shall be paid from funds or other assets subject to this Order until the financial statements required by Section XI are provided to counsel for the FTC;

G.  Notwithstanding the above, following the submission of all of the financial statements required by Section XI, and, to the extent not already done so pursuant to the TRO issued in this case, any Individual Defendant may make a one-time-only payment of up to

20

$1,000 from his personal funds for necessary living expenses and/or attorneys' fees.  No

such expense, however, shall be paid from funds subject to this Order except from cash

on the person of any Individual Defendant, or from an account designated by prior

written notice to counsel for the FTC;

H.      Failing to disclose to the FTC, immediately upon service of this Order, information that

fully identifies each asset of the Defendants or Relief Defendant SL Trust, and each

entity holding such asset, including, without limitation, the entity's name, address, and

telephone number, the number of the account, and the name under which the account is

held.

**IT IS FURTHER ORDERED** that the funds, property, and assets affected by this

Section IX shall include: (a) all assets of each Defendant and Relief Defendant SL Trust as of the

time this Order is entered, (b) all assets held or controlled by Relief Defendant Soltura for the

benefit of Relief Defendant SL Trust as of the time this Order is entered and (c) those assets

obtained or received after entry of this Order that are derived from the actions alleged in

Plaintiff's Complaint.  This Section IX does not prohibit transfers to the Receiver, as specifically

required in Section XIX (Delivery of Receivership Property), nor does it prohibit the

Repatriation of Foreign Assets, as specifically required in Section XIII of this Order.

## X.

### RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business

entity, electronic data host, or person served with a copy of this Order that holds, controls, or

maintains custody of any account, document, electronically stored information, or asset of, on

behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by,

21

or under the signatory power of any Defendant, Relief Defendant SL Trust, or Relief Defendant Soltura in her capacity as SL Trustee, or other party subject to Section IX above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset at any time since January 1, 2010, shall:

A.   Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, electronically stored information, or asset held by or under such entity's or person's control, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets held in the name of or benefit of any Receivership Defendant;

B.   To the extent not already done so pursuant to the TRO issued in this case, provide the Receiver, the Receiver's agents, the FTC, and the FTC's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Defendants or Relief Defendant SL Trust for forensic imaging;

C.   Deny access to any safe deposit boxes that are either titled in the name, individually or jointly, or subject to access by, any Defendant, Relief Defendant SL Trust, Relief Defendant Soltura in her capacity as SL Trustee, or other party subject to Section IX above; and

D.   To the extent not already done so pursuant to the TRO issued in this case, provide to counsel for the FTC and the Receiver, within one (1) business day, a sworn statement setting forth:

1.      the identification of each account or asset titled in the name, individually

or jointly, or held on behalf of or for the benefit of, subject to withdrawal

by, subject to access or use by, or under the signatory power of any

Defendant, Relief Defendant SL Trust, or other party subject to Section IX

above, whether in whole or in part;

2.      the balance of each such account, or a description of the nature

and value of such asset, as of the close of business on the day on

which this Order is served;

3.      the identification of any safe deposit box that is either titled in the name

of, individually or jointly, or is otherwise subject to access or control by,

any Defendant, Relief Defendant SL Trust, Relief Defendant Soltura in

her capacity as SL Trustee, or other party subject to Section IX above,

whether in whole or in part; and

4.      if the account, safe deposit box, or other asset has been closed or

removed, the date closed or removed, the balance on said date, and the

name or the person or entity to whom such account or other asset was

remitted;

E.      To the extent not already done so pursuant to the TRO issued in this case, provide

counsel for the FTC and the Receiver, within three (3) business days

after being served with a request, copies of all documents pertaining to such account or

asset, including but not limited to:  account statements, account applications, signature

cards, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other

debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

23

F.     Cooperate with all reasonable requests of the FTC and the Receiver relating to this

Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this provision include (a) all

assets of each Defendant or Relief Defendant deposited as of the time this Order is entered, and

(b) those assets deposited after entry of this Order that are derived from the actions alleged in

Plaintiff's Complaint. This Section X does not prohibit transfers to the Receiver, as specifically

required in Section XIX (Delivery of Receivership Property), nor does it prohibit the

Repatriation of Foreign Assets, as specifically required in Section XIII of this Order.

**IT IS FURTHER ORDERED** that, in addition to the information and documents

required to be produced pursuant to Subsections X(D), X(E), and Section IX, the FTC is granted

leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or

brokerage institution, business entity, electronic data host, or person served with a copy of this

Order that holds, controls, or maintains custody of any account, document, electronically stored

information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by,

subject to access or use by, or under the signatory power of any Defendant or other party subject

to Section IX above, or has held, controlled, or maintained any such account, document,

electronically stored information, or asset at any time since January 1, 2010, and such financial

or brokerage institution, business entity, electronic data host or person shall respond to such

subpoena within three (3) business days after service.

**XI.**

24

## FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that, to the extent it has not already been done pursuant to the TRO issued in this case, each Defendant or Relief Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.    For Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant in the form of Attachment A to this Order captioned "Financial Statement of Individual Defendant."

B.    For Corporate Defendants and Relief Defendant The 2007 San Lazaro Irrevocable Life Insurance Trust, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of Attachment B to this Order captioned "Financial Statement of Corporate Defendant."

C.    For each Defendant and Relief Defendant SL Trust, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth more than $2,500 in funds or other assets during the previous three years by loan, gift, sale or other transfer.  For each person to whom a transfer has been made, state the total amount transferred during that period.  Such statement shall include: (a) the transferee's name, address and relationship; (b) the property transferred; (c) the aggregate value; and (d) the transfer date; and (e) the type of transfer.

D.    Corporate Defendants shall state their: (1) total gross sales revenues for 2010, 2011, and 2012 to date; (2) their total gross expenses for 2010, 2011, and 2012 to date; (3) their gross operating expenditures on a monthly basis per category for 2010, 2011, and 2012 to date, including but not limited to payroll, advertising, marketing, utilities, and property leases; and (4) their gross capital expenditures for 2010, 2011, and 2012 to date.

E.      Corporate Defendants and Relief Defendant SL Trust shall provide a list of all of their

officers, directors, and trustees, and all other individuals or entities with authority to

direct the operations of any Corporate Defendant or Relief Defendant SL Trust or

withdraw money from the account of any Corporate Defendant or Relief Defendant SL

Trust.

## XII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a

consumer report concerning any Defendant or Relief Defendant.

## XIII.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, to the extent not already done so pursuant to the

TRO issued in this case, within five (5) business days following the service of this Order, each

Defendant and Relief Defendant shall:

A.      Provide counsel for the FTC and the Receiver with a full accounting of all assets,

accounts, funds, and documents outside of the territory of the United States that are held

either:  (1) by Defendants or Relief Defendant SL Trust; (2) for their benefit; (3) in trust

by or for them, individually or jointly; or (4) under their direct or indirect control,

individually or jointly;

26

B.      Transfer to the territory of the United States all assets, accounts, funds, and documents in

foreign countries held either: (1) by them; (2) for their benefit; (3) in trust by or for them,

individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.      All repatriated assets, accounts, funds, and documents are subject to Section IX of this

Order; and

D.      Provide the FTC access to all records of accounts or assets of the Defendants and Relief

Defendant SL Trust held by financial institutions located outside the territorial United

States by signing the Consent to Release of Financial Records attached to the TRO as

Attachment C.

## XIV.

## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants are hereby

preliminarily restrained and enjoined from taking any action, directly or indirectly, that may

result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

required by the preceding Section XIII of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, or telephoning or

engaging in any other act, directly or indirectly, that results in a determination by a foreign

trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement until such time that all assets have been fully repatriated pursuant to Section XIII of

this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a court order, until such time that all assets have been fully repatriated pursuant to Section XIII of this Order.

## XV.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that **Charles H. Lichtman** is appointed Receiver for the Receivership Defendants (as defined in Definition L herein) with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court. The Receiver shall comply with all local rules and laws governing receivers.

## XVI.

## DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.     Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the

28

Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.   Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.   serving and filing this Order;

2.   completing a written inventory of all Receivership assets;

3.   obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.   videotaping and/or photographing all portions of the location;

5.   securing the location by changing the locks and disconnecting any computer modems, network access, or other means of access to the computer or other records maintained at that location;

6.   requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and

7.   requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a Questionnaire submitted by the Receiver;

D.      Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, unauthorized withdrawal, or misapplication of assets;

E.      Liquidate any and all assets owned by or for the benefit of the Receivership Defendants as the Receiver deems to be advisable or necessary;

F.      Enter into or break contracts and purchase insurance as the Receiver deems to be advisable or necessary;

G.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Defendants;

H.      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.      Choose, engage, and employ, without prior approval of the Court, attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.  The Receiver may engage the services of the law firm of which the Receiver is a member;

J.      Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any

30

debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

K.      Determine and implement measures to ensure that the Receivership Defendants comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.      Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.      Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided*, *however*, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

O.  Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

P.  Open one or more bank accounts in the Southern District of Florida as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q.  Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

R.  Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**IT IS FURTHER ORDERED** that the Receiver will be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## XVII.

## COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A.  To the extent not already done so pursuant to the TRO issued in this case, Defendants, Relief Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of

32

them, shall fully cooperate with and assist the Receiver.  Such cooperation and assistance shall include, but not be limited to:

1.     Providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order, including but not limited to, completing a questionnaire submitted by the Receiver, allowing the Receiver to inspect documents and assets, and to partition office space;

2.     Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.     Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

B.     Defendants, Relief Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined from directly or indirectly:

1.     Transacting any of the business of the Receivership Defendants;

2.     Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files,

33

consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendants or any other entity directly or indirectly under the control of the Receivership Defendants;

3.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

4.      Excusing debts owed to the Receivership Defendants;

5.      Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6.      Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.      Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court;

8.      Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court; and

9.      Creating, operating, exercising any control over, becoming employed by or affiliated with, or performing any work for any business entity, including but not limited to any partnership, limited partnership, joint venture, sole proprietorship, or corporation without first providing the FTC with a sworn written statement at least seven (7) calendar days prior to such creation, operation, exercise, employment, affiliation, or performance of work disclosing:

a.      The name, address and telephone number of the business entity;

b.      The names of the business entity's officers, directors, principals, managers, and employees; and

35

c.      A detailed description of the business entity's intended activities and the nature of the duties or responsibilities of the Receivership Defendant.

## XVIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, to the extent not already done so pursuant to the TRO issued in this case, immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants and any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

A.      All assets of the Receivership Defendants;

B.      All documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C.      All assets belonging to members of the public now held by the Receivership Defendants;

D.      All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

E.      Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

**IT IS FURTHER ORDERED** that, in the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XIX, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and to deliver it to the Receiver.

## XIX.

## COMPENSATION FOR RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XX.

## RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that, no more than thirty (30) days after the date of this Order, the Receiver shall report to this Court regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the

37

Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; (5) the Receiver's assessment of whether the business can be operated in compliance with this Order; and (6) any other matters which the Receiver believes should be brought to the Court's attention.  *Provided, however*, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XXI.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are preliminary restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any mortgage assistance relief product or service.

## XXII.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

38

A.   Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants, Relief Defendants, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants or Relief Defendant SL Trust, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.   Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.   Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.   Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.   Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this Receivership, or to harass or interfere with the Receiver in any way, or to interfere

39

in any manner with the exclusive jurisdiction of this Court over the assets or

documents of the Receivership Defendants;

B.    This Section XXIV does not stay:

    1.    The commencement or continuation of a criminal action or proceeding;

    2.    The commencement or continuation of an action or proceeding by the State Bar of

        any state to enforce its police or regulatory power;

    3.    The commencement or continuation of an action or proceeding by a governmental

        unit to enforce such governmental unit's police or regulatory power;

    4.    The enforcement of a judgment, other than a money judgment, obtained in an

        action or proceeding by a governmental unit to enforce such governmental unit's

        police or regulatory power; or

    5.    The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.    Except as otherwise provided in this Order, all persons and entities in need of

documentation from the Receiver shall in all instances first attempt to secure such

information by submitting a formal written request to the Receiver, and, if such request

has not been responded to within thirty (30) days of receipt by the Receiver, any such

person or entity may thereafter seek an Order of this Court with regard to the relief

requested.

## XXIII.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC <u>and the Permanent Receiver</u> are granted

leave to conduct certain expedited discovery, and that, commencing with the time and date of

this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30,

34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, the FTC <u>and the Permanent Receiver</u> are granted leave to:

A.    Take the deposition, on three (3) days' notice, of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of assets of Defendants, Relief Defendant SL Trust, or their affiliates or subsidiaries. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions shall not apply to depositions taken pursuant to this Section.  In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) and shall not preclude the FTC from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure.  Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery.  Any deposition taken pursuant to this sub-section that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

B.    Serve upon parties requests for production of documents or inspection that require production or inspection within three (3) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service, for the purpose of discovering the nature, location, status, and extent of assets of Defendants, Relief Defendant SL Trust, or their affiliates or subsidiaries;

C.    Serve deposition notices and other discovery requests upon the parties to this action by facsimile, email or overnight courier, and take depositions by telephone or other remote electronic means; and

D.     If a Defendant or Relief Defendant fails to appear for a properly noticed deposition or

fails to comply with a request for production or inspection, seek to prohibit that

Defendant or Relief Defendant from introducing evidence at any subsequent hearing.

## XXIV.

## MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact

Defendants directly or anonymously for the purpose of monitoring compliance with this Order,

and may record or preserve any communications that occur in the course of such contacts.

## XXV.

## DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall immediately

provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign,

officer, director, employee, independent contractor, client company, electronic data host, agent,

attorney, spouse, and representative of Defendants and Relief Defendant SL Trust and shall,

within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC

with a sworn statement that:  (a) confirms that Defendants and Relief Defendants have provided

copies of the Order as required by this Section and (b) lists the names and addresses of each

entity or person to whom Defendants and Relief Defendants provided a copy of the Order.

Furthermore, Defendants and Relief Defendants shall not take any action that would encourage

officers, agents, directors, employees, salespersons, independent contractors, attorneys,

subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or

participation with Defendants and Relief Defendants to disregard this Order or believe that they are not bound by its provisions.

## XXVI.

## EXPIRATION OF ORDER

**IT IS FURTHER ORDERED** that this Order shall expire upon entry of a final judgment in this case.

## XXVII.

## CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail

addressed to the FTC is subject to delay due to heightened security screening, all correspondence

and service of pleadings on Plaintiff shall be sent either via email, facsimile, or courier such as

Federal Express to:

Leah Frazier, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Stop NJ-3158
Washington, DC 20580
lfrazier@ftc.gov
(202) 326-2187
(202) 326-3768 (facsimile)

## XXVIII.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile,

email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any

state or federal law enforcement agency or by private process server, upon any financial

institution or other entity or person that may have possession, custody, or control of any

documents or assets of any Defendant or Relief Defendant, or that may otherwise be subject to

any provision of this Order.  Service upon any branch or office of any financial institution shall

effect service upon the entire financial institution.

## XXIX.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, at Miami, Florida, on October 12, 2012 at 10:20 a.m.

_____

**ROBERT N. SCOLA, JR.**
**UNITED STATE DISTRICT JUDGE**